IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., by and through Erica C., her guardian, et al., | No. C 05-4077 MMC |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** |
| v. | |
| TOM TORLAKSON, in his official capacity as Superintendent of Public Instruction for the State of California, et al., | |
| Defendants. / | |

Before the Court is plaintiffs' "Motion for Reasonable Fees and Expenses," filed November 18, 2011, pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), and 20 U.S.C. § 1415(i)(3)(B). Defendants have filed opposition, to which plaintiffs have replied. The matter came on regularly for hearing January 27, 2012. Donna Brorby of the Law Office of Donna Brorby and Arlene B. Mayerson and Larissa M. Cummings of Disability Rights Education and Defense Fund, Inc. appeared on behalf of plaintiffs. Paul E. Lacy and Ava C. Yajima, Deputy General Counsel for the California Department of Education, appeared on behalf of defendants. Having read and considered the parties' respective written

submissions,[1] and having considered the arguments of counsel at the hearing, the Court rules as follows.

**BACKGROUND**

On October 11, 2005, plaintiff K.C., by and through Erica C., her guardian, plaintiff A.A., by and through Stacey A., her guardian, plaintiff M.C., by and through Laurie C., her guardian, plaintiff K.F., by and through Shereé F., her guardian, and plaintiff American Diabetes Association filed a putative class action complaint against, inter alia, defendants Jack O'Connell, in his official capacity as Superintendent of Public Instruction for the State of California,[2] the State Board of Education, and the California Department of Education ("CDE"),[3] alleging said defendants failed to provide necessary services for students with diabetes in California public schools, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), and the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA").

In July 2007, the parties resolved plaintiffs' claims by entering into a settlement agreement (hereinafter, "Settlement Agreement"). (See Mot. for Attorneys' Fees, filed Nov. 18, 2011, App. A (hereinafter, "App. A").)[4] On August 8, 2007, pursuant to the terms of the Settlement Agreement, the Court entered an Order of Dismissal with Prejudice, expressly incorporating the terms of the Settlement Agreement. (See id.)[5] By the instant motion, plaintiffs seek attorneys' fees for legal work performed in monitoring defendant's

---

[1] In addition to their initial briefing, the parties were afforded leave to file supplemental briefs, after which, on March 22, 2012, the matter was deemed submitted.

[2] Jack O'Connell subsequently was replaced as superintendent by Tom Torlakson.

[3] Also sued were the San Ramon Valley Unified School District and the Fremont Unified School District.

[4] Plaintiffs' claims against the other defendants were resolved by settlements and dismissals filed earlier in the action.

[5] The Settlement Agreement resolved the claims of the five named plaintiffs, no motion to certify a class having been filed.

compliance with the terms of the Settlement Agreement.

## DISCUSSION

Ordinarily, in cases brought under the ADA, Section 504, and/or the IDEA, a district court may award reasonable attorneys' fees to the "prevailing party." See, e.g., 42 U.S.C. § 12205 ("[T]he court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."); see also 29 U.S.C. § 794a(b); 20 U.S.C. § 1415(i)(3)(B). A plaintiff who brings an action under one or more of said statutes and "who obtains a legally enforceable settlement agreement qualifies as a 'prevailing party,'" see Prison Legal News v. Schwarzenegger, 608 F.3d 446, 451 (9th Cir. 2010), provided the district court either "retains jurisdiction to enforce the agreement," id., or "incorporat[es] the terms of the settlement agreement in [its] order," see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994). The "reasonable attorneys' fees" to which such a prevailing party is entitled include fees "for monitoring [the defendant's] post-settlement compliance." See Prison Legal News, 608 F.3d at 451 (holding prevailing party may recover fees for monitoring compliance "even when such monitoring does not result in any judicially sanctioned relief"; noting "monitoring serves the . . . purpose [of] causing defendants to fulfill their obligations more speedily and reliably") (internal quotation and citation omitted).[6]

Here, however, the Court, in accordance with the express terms of the parties' Settlement Agreement, only "retain[ed] jurisdiction for two and one-half years from the effective date of [the] Agreement." (See App. A, Settlement Agreement ¶ 14.) As further

---

[6] The Court finds unpersuasive defendants' argument that plaintiffs' request for such fees is time-barred under Rule 54 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 54(d)(2) (providing motion for attorney's fees and expenses "must . . . be filed no later than 14 days after the entry of judgment"). To apply Rule 54 to fees for monitoring compliance, services that, as a practical matter, will not be performed within the 14-day window of time available following an initial judgment, would effectively preclude an award of such fees in every otherwise eligible case in which a settlement is incorporated in a court order, unless a judgment based on non-compliance is issued thereafter. Such a result would be wholly inconsistent with case authority recognizing a prevailing party's entitlement to fees for monitoring compliance "even when it does not lead to a judgment or order." See Prison Legal News, 608 F.3d at 451-52.

provided in the Settlement Agreement, the "effective date" of the Settlement Agreement is July 24, 2007. (See id. ¶ 26.) Consequently, the Court's ancillary jurisdiction over the above-titled action ended January 24, 2010.

Citing various paragraphs of the Settlement Agreement, plaintiffs argue they did not "waive" their right to recover fees for monitoring work conducted after the effective date of the Settlement Agreement. (See Mot. at 11:7-13:11.) The Court agrees. (See App. A, Settlement Agreement ¶ 9 (releasing defendants from claims "occurring up until the Effective Date of this Agreement"); id. ¶ 13 (providing for payment of attorneys' fees and costs in amount of $430,000; releasing further claims to fees or costs "incurred . . . to date"); id. ¶ 15 (stating plaintiffs "do not waive any claims not expressly settled herein").[7]

The issue before this Court, however, is not waiver of the right to monitoring fees, but, rather, a limitation on the time within which the Court may entertain a motion for such fees. In the absence of such an agreed upon limitation, a district court has broad jurisdiction to enforce, as well as to modify, the terms of a settlement agreement incorporated in a court order. See, e.g., Nehmer v. U.S. Dep't of Veterans Affairs, 494 F.3d 846, 860 (9th Cir. 2007) (noting "[i]t is well established that the district court has the inherent authority to enforce compliance with a consent decree that it has entered in an order, to hold parties in contempt for violating the terms therein, and to modify a decree"); see also Prison Legal News, 608 F.3d at 451 (holding, for purposes of court's ancillary jurisdiction, difference between consent decree and settlement agreement incorporated in court order is "immaterial"). Here, by their inclusion of ¶ 14 in their Settlement Agreement, the parties clearly manifested their intent to limit the Court's exercise of that jurisdiction in both time and manner, as consistent with their respective interests in arriving at a mutually acceptable resolution. (See App. A, Settlement Agreement ¶ 14; id. ¶ 10 (providing procedure for and limits of court's exercise of jurisdiction to enforce); id. ¶ 1.b (providing

---

[7] The Court also agrees the integration clause (see id. ¶ 23) does not constitute a waiver or release of future claims for fees. Cf. Wakefield v. Mathews, 852 F.2d 482, 484 (9th Cir. 1988) (finding claim for attorneys' fees waived where agreement provided for release of all claims and costs without any limitation).

4

procedure for and limits of court's exercise of jurisdiction to modify).)

Plaintiffs cite to no authority suggesting the parties to an action, by a settlement agreement incorporated in the court's order of dismissal, cannot limit the court's jurisdiction in such regard. Indeed, to the extent relevant authority exists, it supports the parties' right to do so. See, e.g., Alvarado v. Table Mountain Racheria, 509 F.3d 1008, 1018 (9th Cir. 2007) (noting parties' settlement agreement, entered June 16, 1983, "only extended jurisdiction 'for a period of one year from entry of judgment'"; holding "whatever ancillary jurisdiction the district court had expired on June 16, 1984").

Moreover, the limitation set forth in ¶ 14 is consistent with the other provisions of the Settlement Agreement. First, the parties, by the Settlement Agreement, placed on defendant CDE the primary burden of monitoring compliance by the local school districts, and set forth in detail the "procedural safeguards" to be instituted by the CDE in performing its monitoring obligations. (See App. A, Settlement Agreement ¶ 5.c.; see also id. ¶¶ 5-8.) Although the assignment of substantial monitoring obligations to the CDE would not bar an award of monitoring fees to plaintiffs' counsel, see, e.g., Keith v. Volpe, 833 F.2d 850, 858 (9th Cir. 1987) (holding "routine monitoring by plaintiffs' counsel was compensable where it did not duplicate the court-appointed monitor's activities"), the parties' determination to allocate their respective obligations in such fashion suggests they were not anticipating a substantial additional award of fees to plaintiffs' counsel. (See App. A, Settlement Agreement ¶¶ 5-8.)

Second, in recognition of the limitations placed on this Court's retained jurisdiction, the parties expressly provided for plaintiffs' right to enforce compliance in state court without restriction. (See id. ¶ 10 ("Nothing in this agreement limits the ability of [p]laintiffs to seek redress in state court under principles of contract law for any alleged breach of this agreement not covered in this paragraph.").)

Lastly, as part of its monitoring responsibilities, the CDE was required to meet twice a year with plaintiffs' counsel; the dates of said meetings are specified in the Settlement Agreement, the last of which being September 30, 2009 (see id. ¶ 8), a date well in

5

advance of the expiration of the Court's jurisdiction (see id. ¶¶ 14, 26) and allowing ample time for plaintiffs, to the extent they had not already done so in the preceding two years, to move for any fees incurred in monitoring compliance with and/or enforcing their settlement.

As the Ninth Circuit has observed, a prevailing party "may not pursue reimbursement of attorney's fees in the federal court indefinitely." See Prison Legal News, 608 F.3d at 455. There comes a time when "the district court's jurisdiction over the agreement must eventually end." Id. Although, and in all likelihood because, that time otherwise would be left to the district court's later determination, with all the uncertainties attendant thereto,[8] the parties here agreed upon and made it part of their settlement, the terms of which, in turn, became the Court's order.

Accordingly, the Court's ancillary jurisdiction over the above-titled action having ended in January 2010, and plaintiffs' motion having been filed in November 2011, said motion will be denied for lack of jurisdiction.

**CONCLUSION**

For the reasons set forth above, the instant motion for attorneys' fees and expenses is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 20, 2012

MAXINE M. CHESNEY
United States District Judge

---

[8] See, e.g., id. (noting "[w]hether the time has come for the district court to terminate its jurisdiction . . . cannot be discerned from the record before us").

6