AMY BISSON HOLLOWAY, SBN 163731
General Counsel
EDMUNDO AGUILAR, SBN 136142
Assistant General Counsel
TODD M. SMITH, SBN 170798
Assistant General Counsel
PAUL E. LACY, SBN  180140
Deputy General Counsel
AVA YAJIMA, SBN  218008
Deputy General Counsel
California Department of Education
1430 N Street, Suite 5319
Sacramento, California 95814
Telephone: 916-319-0860
Facsimile:  916-319-0155
Email: ayajima@cde.ca.gov
Attorneys for Defendant,
California Department of Education
*(Defendant is Public Entity and Exempt from Filing Fees Pursuant to Gov. Code § 6103.)*

DONNA BRORBY
LAW OFFICE OF DONNA BRORBY
315 Hugo Street
San Francisco, California 94122
Telephone: 415-377-8285
Facsimile: 510-841-8645
Email: lodb@earthlink.net
Attorneys for Plaintiffs

ARLENE B. MAYERSON
LARISA M. CUMMINGS
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
3075 Adeline Street, Suite 210
Berkeley, CA 94703
Telephone: 510-644-2555
Facsimile: 510-841-8645
Email: lcummings@dredf.org
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.C., by and through Erica C., her guardian, et al.,<br><br>  Plaintiff(s),<br><br>  vs.<br><br>Tom Torlakson, in his official capacity as Superintendent of Public Instruction for the State of California, et al.,<br><br>  Defendant(s). | Case No. C-05-4077 (MMC)<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9.

1. <u>Jurisdiction & Service</u>

The Court has ruled that it will exercise its discretionary ancillary jurisdiction to hear plaintiffs' attorneys' fees motion.

2. <u>Facts</u>

Pursuant to the Court's order of March 20, 2015, the remaining disputed issue is the amount of

Plaintiffs' reasonable monitoring fees.  Plaintiffs have set forth their view of the facts that are relevant to the determination of the amount of reasonable attorneys' fees in their motion and supporting memorandum.  State Defendants have not yet specified each individual billing entry in which they contend Plaintiffs may not recover fees but will do so in proceedings before the magistrate.  State Defendants, however, contend that no fees are awardable for services that were not reasonably necessary to monitor State Defendants' compliance with the express terms of the settlement agreement, including, but not limited to services that Plaintiffs' attorneys performed in connection with the pursuit of claims of individuals made to LEAs.  Plaintiffs contend that those services were necessary as a part of their monitoring of State Defendants' compliance with the express terms of the settlement agreement, particularly the provisions concerning targeted verification reviews and State Defendants' complaint resolution system.  Additionally, State Defendants contend that Plaintiffs spent more time than was necessary in those activities in which they were monitoring the express terms of the settlement agreement.  Plaintiffs contend that their services were necessary as a part of their monitoring of State Defendants' compliance with the settlement agreement, particularly the provisions concerning targeted verification reviews and State Defendants' complaint resolution system.  Plaintiffs also dispute that the time spent monitoring was excessive.

3. Legal Issues

State Defendants contend that some of Plaintiffs' attorneys' work billed as part of the Plaintiffs' "lodestar" is for work that was not reasonably necessary to the monitoring of State Defendants' compliance with the express terms of the settlement agreement in this case and should be disallowed.  Plaintiffs contend that all the work for which they seek compensation was reasonably necessary to their monitoring.

4. Motions

The only motions in this case that have been filed are the Plaintiffs' motion for attorneys' fees and the State Defendants' request to file a motion (and a motion) for reconsideration.  No other motions are anticipated at this time.

5. Amendment of Pleadings

There will be no amendments of pleadings.

6. Evidence Preservation

   The parties have reviewed the guidelines and they have met and conferred.

7. Disclosures

   Not applicable.

8. Discovery

   There has been no discovery taken. Plaintiffs do not intend to take discovery.

   Given the nature of State Defendants' dispute that Plaintiffs' activities were not reasonably necessary to monitor the express terms of the settlement agreement, it will be necessary for State Defendants to undertake discovery regarding those activities.

9. Class Actions

   This is not a class action.

10. Related Cases

   There is no related case.

11. Relief

   Plaintiffs seek $284,963.75, based on a total of 959.10 hours from July 25, 2007 – August 23, 2010, plus their reasonable attorneys' fees and expenses for the work necessary in this Court and the Ninth Circuit to resolve this motion for fees.

12. Settlement and ADR

   The parties request that the Court refer the case to Magistrate Judge Joseph C. Spero for the purposes of a settlement conference, and, if the parties do not settle, for a report and recommendations on the amount of reasonable attorneys' fees that should be awarded.

13. Consent to Magistrate Judge For All Purposes

   ____ YES    __x_ NO

14. Other References

   This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

   The parties may be able to narrow issues in dispute that go to the reasonable amount of

Plaintiffs' monitoring fees.

16. <u>Expedited Trial Procedure</u>

    Not applicable.

17. <u>Scheduling</u>

    State Defendants request that this matter NOT be referred to a magistrate judge before their pending motion for leave to file a motion for reconsideration, and the motion for reconsideration, is resolved.  If and when the matter is referred, the magistrate judge and the parties will need to schedule discovery, a settlement conference, and other events necessary for the magistrate judge to complete the matters referred to him.

18. <u>Trial</u>

    Not applicable.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

    Pursuant to Civil L.R. 3-15, the undersigned counsel for Plaintiffs certifies that as of this date, other than the named parties, there is no such interest to report.  Plaintiffs have filed the required certification.  The defendants are governmental entities or agencies.

20. <u>Professional Conduct</u>

    All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

DATED: <u>April 17, 2015</u>    <u>/s/ Donna Brorby</u>
                                    DONNA BRORBY
                                    Attorneys for Plaintiffs

DATED: <u>April 17, 2015</u>    <u>/s/Ava Yajima</u>
                                    PAUL E. LACY
                                    AVA C. YAJIMA
                                    Attorneys for Defendants, California Department of Education

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. This matter is referred to Magistrate Judge Joseph C. Spero for the purpose of overseeing the parties' process towards resolving the amount of reasonable attorneys' fees and costs incurred for monitoring compliance with the express terms of the parties' settlement agreement and their reasonable attorneys' fees and expenses for the work necessary in this Court and the Ninth Circuit to resolve this motion for fees. The Magistrate Judge shall hold a settlement conference(s). If the matter of the amount of reasonable attorneys' fees is not resolved by settlement, the Magistrate Judge shall give both parties a full opportunity to provide him with all relevant information and he shall prepare a report and recommendations on the reasonable amount of monitoring fees.   The parties will be permitted the opportunity to seek de novo review of the Magistrate Judge's recommendations, based on the evidence that was provided to the Magistrate Judge.

IT IS SO ORDERED.

DATED:  April 24, 2015        _____
UNITED STATES DISTRICT/MAGISTRATE JUDGE